Peleg Brown *vs*. District of Narragansett.

WASHINGTON—JANUARY 18, 1899.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Order of Board of Health.  Appeal.  Motion to Dismiss.  Jurisdiction.
Practice.*

An appeal from a town or district council sitting as a board of health,
which has been certified from the Common Pleas Division on motion to
dismiss the appeal, is improperly before the court.

In such case the Common Pleas Division should pass upon the motion,
and the party aggrieved may then have his exception thereto as the basis
of a petition for new trial.

Appeal from a district council sitting as a board of health.
Certified from the Common Pleas Division and heard on mo-
tion to dismiss for want of jurisdiction.

(1)    Per Curiam.    We do not think this case is properly before
us.    It was certified here from the Common Pleas Division
on the appellee's motion to dismiss on the ground that the
order of the district council of the District of Narragansett,
sitting as a board of health, for the abatement of the nui-
sance in question, was not an appealable order.    We think
the Common Pleas Division should have passed on the mo-
tion, leaving the party aggrieved by the ruling to petition
this Division for a new trial if he saw fit.    If it was a crim-
inal proceeding, it could properly be certified here upon such
a motion in the first instance, under Gen. Laws R. I. cap.
250, § 19.[1]    But, being a civil proceeding, we find no statute

---

[1] Sec. 19.  If the defendant in any criminal proceeding commenced in
the common pleas division or pending therein on appeal from a district
court, shall, during the pendency thereof, except during trial before a
jury, raise any question of law (other than constitutional questions) which,
if decided in his favor, would bar or terminate such criminal proceeding,
said division shall forthwith certify said question to the appellate division
for its decision thereon.  The appellate division shall give precedence to
the hearing of such question over all other business excepting constitu-
tional questions, and shall make special assignments thereof.  Having de-
cided such question it shall send back the record with its decision certified
thereon to the common pleas division, which shall take action accordingly.

giving this Division jurisdiction until a ruling is made in the Common Pleas Division.

Case remitted to the Common Pleas Division for further proceedings.

*John E. Conley and William J. Cronin,* for appellant.
*Albert B. Crafts,* for appellee.